# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RALPH COUNTRYMAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JAKE VIALPANDO, *et al.*, )<br>)<br>Defendants. )<br>)<br>)<br>_____ ) | 3:22-cv-00008-RCJ-CSD<br><br>**ORDER** |

Plaintiff filed this case raising constitutional claims under 42 U.S.C. § 1983 and is proceeding pro se. He has attempted service of Defendants through certified mail. Defendants move for dismissal under Fed. R. Civ. P. 12(b)(5) for failure to properly effectuate service. (ECF No. 8.) In response, Plaintiff filed a one-page filing titled, "Request for Waiver of Service and Motion to Stay Summary Judgment." (ECF No. 11.) In it, he claims that Defendants' admission of service via certified mail is sufficient and claims Defendants' motion is a premature motion for summary judgment. Plaintiff is incorrect on both accounts.

///

///

///

Fed. R. Civ. P. 4(e) states:

SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Nevada fails to provide for additional bases of service. Nev. R. Civ. P. 4.2(a) states:

Serving an Individual. Unless otherwise provided by these rules, service may be made on an individual:
> (1) by delivering a copy of the summons and complaint to the individual personally;
> (2) by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who currently resides therein and is not an adverse party to the individual being served; or
> (3) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

Neither of these rules permit the service of an individual defendant through certified mail. *See, e.g.*, *Whitfield v. Baldwin*, No. 3:21-CV-00443-MMD-VCF, 2022 WL 718435, at *1 (D. Nev. Mar. 10, 2022). Thus, Plaintiff has not properly served Defendants. Fed. R. Civ. P. 12(b)(5) permits a defendant to file a motion to dismiss for improper service, so Defendants' motion is not a premature motion for summary judgment but is rather a timely motion to dismiss. Given Plaintiff's pro se status, the Court will allow Plaintiff additional time to perfect service. Plaintiff shall serve Defendants in accordance with Fed. R. Civ. P. 4 within 45 days of this order. Failure to properly serve Defendants may result in dismissal of this case.

**CONCLUSION**

IT IS HEREBY ORDERED that Motion to Dismiss (ECF No. 8) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Motion for Waiver of Service (ECF No. 11) is DENIED.

IT IS FURTHER ORDERED that Motion to Stay Summary Judgment (ECF No. 12) is DENIED.

IT IS SO ORDERED.

Dated July 26, 2022.

_____
ROBERT C. JONES
United States District Judge