JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709

PATRICK A. ROSE
Assistant United States Attorney
Nevada Bar No. 5109
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
patrick.rose@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RALPH COUNTRYMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>JAKE VIALPANDO, LORELI LeBARON, AND DIANNE MOYLE,<br><br>        Defendants. | Case No. 3:22-cv-00008-RCJ-CSD<br><br>**ORDER**<br>**Motion to Enter Final Judgment for Defendant Vialpando** |

Defendant Jake Vialpando, in his official and individual capacities, moves for (i) entry of a separate, final judgment in his favor, and (ii) an order "expressly determin[ing] that there is just no just reason for delay" in entering such judgment, Fed. R. Civ. P. 54(b).

This motion is based on the following Memorandum of Points and Authorities, along with all papers and pleadings on file.

Dated this 5th day of September 2023.

JASON M. FRIERSON
United States Attorney

 /s/ Patrick A. Rose
PATRICK A. ROSE
Assistant United States Attorney

### Memorandum of Points and Authorities

### I. Introduction

On August 14, 2023, the Court granted Vialpando's Motion to Dismiss because Countryman had failed to serve process. Order, ECF No. 38 at 2:1–3. The Court also dismissed Defendant Dianne Moyle for lack of service of process, leaving the case to continue against Defendant Loreli LeBaron. ECF No. 38 at 2:1–5. As the Order does not dispose of all claims and parties, Vialpando brings this motion under Fed. R. Civ. P. 54(b), 58(a), (b)(2), (d). Vialpando respectfully submits that there is no just reason for delay of entry of final judgment in Vialpando's favor.

### II. Argument

A court may direct the entry of a final judgment as to fewer than all parties and claims when it determines that there is no just reason for delay of such judgment. *See* Fed. R. Civ. P. 54(b). There are three requirements for such a Rule 54(b) determination: (1) the case must include multiple claims, multiple parties, or both; (2) the court has rendered a final decision on at least one of those claims; and (3) the court determines that there is no just reason to delay the appeal of the decided claim(s). *See Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Ready Pac Foods, Inc.*, No. CV-09-3220-RSWL (MANx), 2011 WL 1790033, at *2 (C.D. Cal. May 9, 2011); Fed. R. Civ. P. 54(b).

**A.   The Case Involves Multiple Parties and Claims.**

This case involves multiple parties and claims. Countryman asserted claims against Vialpando, Moyle, and LeBaron. *See* Compl. at 1, 2, 4, 5.

**B.   The Order Is a Final Adjudication of all Claims Against Vialpando.**

To be final, the decision must be an ultimate disposition of a claim, where the only thing left for the court to do, with respect to that claim, is execute the judgment. *See Nat'l Union Fire*, 2011 WL 1790033, at *3 (citing *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) and *Riley v. Kennedy*, 553 U.S. 406 (2008)). The Court's Order, ECF No. 38, is final in such sense with respect to Vialpando. The Court granted Vialpando's Motion to

Dismiss, and no claim remains pending against Vialpando. All that awaits is the entry of judgment in Vialpando's favor.

**C.     There Is No Just Reason for Delay.**

There is no just reason for delay of entry of judgment in Vialpando's favor. In making such a determination, a district court should consider such factors as whether the claims at issue are separable from the others remaining to be adjudicated and whether their nature is such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals. *See Nat'l Union Fire*, 2011 WL 1790033, at *2 (citing *Curtiss–Wright*, 446 U.S at 8). And the court should take into account judicial administrative interests as well as the equities involved. *See id*. at 4 (citing *Curtiss–Wright*, 446 U.S at 8). For example, in *Red Rock Comms., Inc. v. Am. Telecasting, Inc.*, the court found Rule 54(b) finality warranted on its summary judgment ruling in favor of an individual defendant where all remaining claims arose out of subsequent conduct by another (corporate) defendant, CV-S-01-0611-PMP (LRL), 2005 WL 8161948, at *1-2 (D. Nev. May 3, 2005). In *Martinez v. Aero Caribbean*, the procedural history included a district court's Rule 54(b) certification of an order dismissing one defendant for lack of personal jurisdiction, 764 F.3d 1062, 1065–66 (9th Cir. 2014). In contrast, Rule 54(b) finality was not warranted where all claims arose out of the employment relationship between the one plaintiff and the one defendant, and where the district court acknowledged a close factual and legal relationship between the adjudicated employment claims and the remaining employment claims. *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 879-81 (9th Cir. 2005).

Here, the *Bivens* claim against Vialpando is separate and severable from the remaining claim against LeBaron, for "vicarious liability is inapplicable to *Bivens* and § 1983 suits"; a defendant's own individual actions must violate the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore, each defendant must be served in accordance with Rule 4, for there is no personal jurisdiction over an unserved defendant. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (recognizing the "bedrock principle" that "a defendant is not obliged to engage in litigation unless . . .

brought under a court's authority, by formal process.") (citations omitted); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (citations omitted); *Corey v. McNamara*, 409 F. Supp. 2d 1225, 1229 (D. Nev. 2006) (court lacked personal jurisdiction over federal defendants because of plaintiff's failure to serve process in accordance with Rule 4(i)), *aff'd on other grounds*, 265 Fed. Appx. 555 (9th Cir. Jan. 24, 2008).

Thus, the dismissed claim against Vialpando is separate and severable from the remaining claim against LeBaron. Accordingly, there is no just reason to delay, until adjudication of the remaining claim against LeBaron, the entry of judgment in favor of Vialpando.

### III.  Conclusion

For the reasons explained above, Vialpando respectfully request a determination there is no just reason for delay, along with the entry of final Judgment in his favor.

Respectfully submitted this 5th day of September 2023.

JASON M. FRIERSON
United States Attorney

/s/ Patrick A. Rose
PATRICK A. ROSE
Assistant United States Attorney


IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: October 30, 2023