# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RALPH COUNTRYMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JAKE VIALPANDO, LORELI LeBARON, ) <br> and DIANNE MOYLE, ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:22-cv-00008-RCJ-CSD <br><br> ORDER |

Pending before the Court are Defendant Loreli LeBaron's Motion to Dismiss, (Dkt. 47), and Plaintiff Ralph Countryman's Motion for Enlargement of Time to Oppose, (Dkt. 50). For the following reasons, the Court grants LeBaron's motion and denies Countryman's motion.

## I.  Factual Background

In February 2022, Countryman brought this action pro se[1] against three Defendants, alleging violations of the Fourteenth Amendment. (Dkt. 6 at 6–7). Countryman "has a lengthy

---

[1] "Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants," which relieves pro se litigants "from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). Still, "even *pro se* litigants must comply with the Federal Rules of Civil Procedure." *Bailey v. Suey*, 2014 WL 5342573, at *1 (D. Nev. Oct. 20, 2014), *aff'd*, 669 F. App'x 472 (9th Cir. 2016).

history as a self-represented litigant … during his time in prison[.]" (Dkt. 47 at 2). Two of the three Defendants in this case were dismissed in August 2023 as a result of Counrtyman's failure to properly effectuate service under Rule 12(b)(5). (Dkt. 38 at 1–2). Now, LeBaron is the only remaining Defendant in this case.

Correspondence between the Parties indicates that Countryman refused to appear for deposition due to a conflict, so LeBaron attempted "to coordinate [a] deposition" that accommodates for "Plaintiff's work schedule," but Countryman failed to respond. (Dkt. 47 at 3–4). He then failed to appear for his properly noticed and scheduled deposition. (*Id.* at 2, 4). Despite stating his preference to conduct discovery via written interrogatories, (*id.* at 3), Countryman further failed to "serve[] any responses to the written discovery[.]" (*Id.* at 4).

On top of these failures, Countryman also neglected to file a timely response in opposition to LeBaron's pending Motion to Dismiss. After the deadline to respond has passed, Countryman filed his Motion for Enlargement of Time to Oppose, (Dkt. 50), requesting until March 5, 2024 to respond as a result of "a bad reaction to medication" which "affected his joints[.]" (*Id.* at 1). LeBaron points out that Countryman "has provided no documentation of his alleged reaction or how it could reasonably have caused his failure to respond to the motion, let alone refuse to attend a deposition or respond to written discovery." (Dkt. 51 at 2).

II.     **Legal Standard**

   A.     **Motion to Dismiss Under Rule 37**

Rule 37 provides that a court may, on a motion, order sanctions against a party who fails to appear for his properly noticed deposition or fails respond to written discovery. Fed. R. Civ. P. 37(d); *see Estrada v. Rowland*, 69 F.3d 405 (9th Cir. 1995). "Dismissal is a proper sanction under

Rule 37(d) for a serious or total failure to respond to discovery even without a prior order." *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981).

### B.  Motion to Extend Time

When a motion to extend is filed after the time has expired, Rule 6 allows courts to extend the time "for good cause … if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  Per this Court's Local Rules, "[a] motion or stipulation to extend time must state the reasons for the extension requested," and "[a] request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect." LR IA 6-1(a).

## III.  Analysis

### A.  Motion for Enlargement of Time to Oppose

Countryman has not demonstrated that his failure to timely respond to LeBaron's Motion to Dismiss was the result of excusable neglect, therefore good cause does not exist to extend the time to respond.  By using the words 'excusable neglect,' "Congress plainly contemplated that the courts would be permitted, *where appropriate*, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (emphasis added).  In this case, considering Countryman's history of failure to actively pursue litigating his case, the Court finds that it is not appropriate to extend the time to respond as a result of excusable neglect.

B.     **Motion to Dismiss**[2]

Considering the merits of LeBaron's uncontested Motion to Dismiss pursuant to Rule 37(d), the Court finds it appropriate in this case to sanction Countryman with dismissal. Not only did Countryman fail to appear at his properly scheduled and noticed deposition, but he also failed to respond to the written discovery that he had requested. Accordingly, sanctions are appropriate under Rule 37(d). Because Countryman "is a frequent litigator" and is thus "well aware that, though proceeding *pro se,* he is not relieved from complying with all applicable rules," *Bailey*, 2014 WL 5342573, at *1, the Court finds that dismissal is the appropriate sanction in this case. *See Sigliano*, 642 F.2d at 310.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion for Enlargement of Time to Oppose, (Dkt. 50), is **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss, (Dkt. 47), is **GRANTED**.

IT IS FURTHER ORDERED that the Clerk of the Court is instructed to enter final judgment in favor of Loreli LeBaron and close this case.

IT IS SO ORDERED.

Dated March 20, 2024.

_____
ROBERT C. JONES
United States District Judge

---

[2] Notably, per this Court's Local Rules, "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d).